IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3045-D

| | | |
|---|---|---|
| DEREK EDWIN HIGHSMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JESSIKA BOWDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On February 25, 2025, Derek Edwin Highsmith ("Highsmith" or "plaintiff"), a state inmate proceeding pro se, filed a verified complaint under 42 U.S.C. § 1983 [D.E. 1]. See [D.E. 1-1, 1-2, 1-3]. Highsmith paid the filing fee. On March 18, 2025, the court reviewed Highsmith's complaint under 28 U.S.C. § 1915A and dismissed defendants Suggs and Santiago from the case. See [D.E. 3] 4–5. Only Highsmith's claims against defendants Bowden and Johnson remain. See id. at 6.

On September 17, 2025, defendants moved to dismiss the action for failure to exhaust administrative remedies. See [D.E. 19]. Because defendants attached materials that are outside the scope of the pleadings, the court construes defendants' motion as a motion for summary judgment. See Fed. R. Civ. P. 12(d). On September 18, 2025, the court notified Highsmith about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 21]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On October 8, 2025, Highsmith responded in opposition [D.E. 22]. As explained below, the court denies defendants' motion for summary judgment.

Highsmith is incarcerated at Maury Correctional Institution ("Maury"). See Compl. [D.E. 1] 2, 5. Highsmith is "a T-4 paraplegic and paralyzed from the chest down." Id. at 5. Highsmith's claims relate to injuries he sustained during his transportation from Maury to court on November 30, 2023. See [D.E. 3]. Highsmith attempted to submit grievances about the incident several times, but defendant Santiago, a grievance screening officer, "takes the right away by obstructing the grievances with gamesmanship." Compl. at 7–8. Highsmith alleges that "[i]t is a known fact Maury officials destroy grievances that have merit." Id. at 7. Highsmith states that he filed grievances related to this case on February 20, 2024, April 3, 2024, and May 15, 2024. See [D.E. 22] 5. Highsmith did not receive a response to any of the grievances. Id.

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Scott v. Harris, 550 U.S. 372, 378 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (cleaned up); see Anderson, 477 U.S. at 248–49. A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. See Anderson, 477 U.S. at 248–49. In making this determination, the court must view the evidence

and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Scott, 550 U.S. at 378.

The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Ross v. Blake, 578 U.S. 632, 638 (2016); Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532; see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedy procedures regardless of the types of relief such procedures offer. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211; see Ross, 578 U.S. at 638–40. Failure to exhaust is an affirmative defense. See Jones, 549 U.S. at 211–12.

Inmates are not required to exhaust administrative remedies if the correctional institution's procedure is "unavailable." Ross, 578 U.S. at 642–44. An administrative remedy procedure is unavailable if the "procedure's provided avenues for recourse are not meaningfully 'capable of use to obtain some relief for the action complained of.'" Griffin v. Bryant, 56 F.4th 328, 335 (4th Cir. 2022) (quoting Ross, 578 U.S. at 642–43). An administrative remedy process is unavailable when: (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 578 U.S. at

3

633 (internal quotation marks omitted); see also Gowen v. Winfield, 130 F.4th 162, 176 (4th Cir. 2025); Griffin, 56 F.4th at 335.

Genuine issues of material fact exist about Highsmith's access to the grievance process. See, e.g., Neale v. Hogan, No. 21-7287, 2022 WL 12325186, at *2 (4th Cir. Oct. 21, 2022) (per curiam) (unpublished); Moss v. Harwood, 19 F.4th 614, 622–23 (4th Cir. 2021); Hill v. O'Brien, 387 F. App'x 396, 400–01 (4th Cir. 2010) (per curiam) (unpublished); Hill v. Haynes, 380 F. App'x 268, 270–73 (4th Cir. 2010) (per curiam) (unpublished). Accordingly, the court declines to dismiss the action for failure to exhaust administrative remedies.

## II.

In sum, the court DENIES defendants' motion for summary judgment [D.E. 19]. The court REFERS this action to Magistrate Judge Jones for entry of a scheduling order to include a deadline for defendants to answer the complaint and a period for discovery.

SO ORDERED. This 15 day of May, 2026.

JAMES C. DEVER III
United States District Judge

4